IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARMI E. GRANITI D'ITALIA SICILMARMI S.p.A.,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL GRANITE AND MARBLE,<br><br>Defendant. | No. 09 C 5529<br><br>Magistrate Judge Cole |

## MEMORANDUM OPINION AND ORDER

This is a contract dispute. The plaintiff is an Italian company, which sells granite and marble. It supplied granite to the defendant, an American company that purchases granite for resale to builders, contractors, retailers, and others. The defendant began purchasing granite from the plaintiff in March 2003, but in 2008, things went awry. The plaintiff contends that the defendant has failed to make payment for granite delivered in October 2008, and has sued for breach of contract, *quantum meruit*, unjust enrichment, and account stated. The defendant answers that a substantial portion of the granite in that delivery was of an inferior grade; *i.e.*, the goods were non-conforming. The plaintiff has moved for summary judgment on its beach of contract claim.[1]

---

[1] Plaintiff also asks for summary judgment on its "account stated claim." An account stated is not an independent cause of action. It is "merely a form of proving damages for the breach of a promise to pay on a contract." *Dreyer Medical Clinic, S.C. v. Corral*, 227 Ill.App.3d 221, 226, 591 N.E.2d 111, 114 (2nd Dist. 1992). That portion of plaintiff's motion is denied.

# I.
# FACTS

As always, the facts underlying this summary judgment proceeding are drawn from the parties' Local Rule 56.1 submissions. Local Rule 56.1 requires a party seeking summary judgment to include with its motion "a statement of material facts as to which the ... party contends there is no genuine issue and that entitle the ... party to a judgment as a matter of law." Local Rule 56.1(a)(3); *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008). Each paragraph must refer to the "affidavits, parts of the record, and other supporting materials" that substantiate the asserted facts. Local Rule 56.1(a)(3); *F.T.C. v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) The party opposing summary judgment must then respond to the movant's statement of proposed material facts; that response must contain both "a response to each numbered paragraph in the moving party's statement," Local Rule 56.1(b)(3)(B), and a separate statement "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment," Local Rule 56.1(b)(3)(C); *Ciomber*, 527 F.3d at 643. Again, each response and each asserted fact must be supported with a precise reference to the record. Local Rule 56.1(b)(3)(B); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009); *Bay Area Business Council, Inc.*, 423 F.3d at 633.

If the moving party fails to comply with the rule, the motion can be denied without further consideration. Local Rule 56.1(a)(3); *Smith v. Lamz*, 321 F.3d 680, 682 n.1 (7th Cir. 2003). If the responding parting fails to comply, its additional facts may be ignored, and the properly supported facts asserted in the moving party's submission are deemed admitted. Local Rule 56.1(b)(3)(C); *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008); *Cracco*, 559 F.3d at 632; *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). District courts are "'entitled to expect strict

compliance'" with Rule 56.1, and do not abuse their discretion when they opt to disregard facts presented in a manner that does follow the rule's instructions. *Cracco*, 559 F.3d at 632; *Ciomber*, 527 F.3d at 643; *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir.2004). A court is not required to search the record for evidence that supports a party's case. *See Bay Area Business Council.*, 423 F.3d at 633 (court properly disregarded affidavits not referenced in 56.1 submission). *Compare United States v. Dunkel*, 927 F.2d 955, 956(7th Cir.1991)("Judges are not like pigs, hunting for truffles buried in briefs."); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir.1999)("A brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record.").

The parties agree that they developed a customary way of doing business: Defendant would submit a purchase order for goods to the plaintiff, and plaintiff would deliver the goods, take delivery of the goods, and pay plaintiff the invoiced amount based on the purchase order. (*Plaintiff's Statement of Undisputed Facts* ("*Pl.St.*"), ¶ 3; *Defendant's Response to Plaintiff's Statement of Facts* ("*Def.Rsp.*"), ¶ 3). Plaintiff asserts that the defendant was responsible for all aspects of shipping the goods from the plaintiff's facility in Italy (*Pl.St.* ¶ 3), but in fact, Rakesh Malhotra, defendant's chief operating officer, on whose deposition testimony plaintiff relies for this fact, said he didn't know if that's how things worked. (Malhotra Dep., at 66; *Def.Rsp.* ¶3).[2]

---

[2] The parties do not have a separate written agreement. There are only a series of purchase orders and invoices. Although the plaintiff's memorandum and statement of facts did not identify Mr. Malhotra, the defendant's response and attached declaration made clear his relation to the case, thereby demonstrating his testimonial competency, *see* Rule 602, Federal Rules of Evidence, to provide admissible evidence in support of the motion for summary judgment.

The goods at issue were apparently ordered and transported from Italy to the United States on various dates from March 6, 2008, through October 29, 2008. (*Pl.St.* ¶ 4; *Def.Rsp.* ¶ 4). Contrary to its earlier assertion regarding transport, the plaintiff states – and the defendant agrees – that the "Plaintiff shipped the Goods to [the defendant]." (*Pl.St.* ¶ 4; *Def.Rsp.* ¶ 4). The purchase orders (Plaintiff's Ex. C) specified the unit price, type of goods, and quantity. (*Pl.St.* ¶ 4; *Def.Rsp.* ¶ 4). The defendant received the goods and confirmed the accuracy of the unit pricing. (*Pl.St.* ¶ 4; *Def.Rsp.* ¶ 4). The plaintiff delivered a statement of account to the defendant. (*Pl.St.* ¶ 6; *Def.Rsp.* ¶ 6). The parties agree that since the inception of their relationship in 2003, goods the defendant ordered, received, and paid for were invoiced in the same manner as the goods at issue. (*Pl.St.* ¶ 7; *Def.Rsp.* ¶ 7). Payment on all invoices was due within 120 days of the bill of lading date. (*Pl.St.* ¶ 8; *Def.Rsp.* ¶ 8). With respect to the goods at issue, the parties agree that the date of the latest bill of lading was November 21, 2008, meaning payment was due no later than March 31, 2009. (*Pl.St.* ¶ 8; *Def.Rsp.* ¶ 8).

The plaintiff's contention that the defendant inspected the goods at issue upon receipt (*Pl.St.* ¶ 9) relies on the following testimony from Mr. Malhotra's deposition:

> Q: Would you agree that when you opened up the containers and confirmed the number of slabs received, that if you wanted to, you could have taken out each slab and measured it if you chose to?
>
> A: Yes.
>
> Q: Now, earlier you told me that the purpose for freight insurance was in case there was loss to the goods in transit, correct?
>
> A: Correct.
>
> Q: And you said that loss would include damage where pieces might be broken or defaced, correct?

> A: Yeah.
>
> Q: In order to make a claim against insurance for that type of potential loss or damage, it would be necessary for you to check the goods, wouldn't it, upon receipt?
>
> A: Yes.
>
> Q: Did [defendant] check the goods upon receipt to see whether or not it needed to make a claim against its freight insurance for any possible loss to the goods."
>
> A: Yes.

(Malhotra Dep., at 105-06). Mr. Malhotra could not recall if any claims were made on goods received from the plaintiff. (*Id.*). The defendant denies that this testimony "establishes that [it] inspected the goods upon delivery" (*Def.Rsp.*, ¶ 9), but at the very least, it establishes that the defendant inspected the goods for damage during shipment.

According to the declaration of Roberto Caruso, plaintiff's chief executive officer, defendant never objected to the invoices for the goods or the statement of account. (*Pl.St.* ¶ 6). Mr. Malhotra, however, states that the defendant communicated the fact that the goods were non-conforming and rejected them in "various communications, including emails dated October 31, 2008 and January 23, 2009." (*Def.Rsp.* ¶ 4; Malhotra Dec. ¶ 6).

The defendant did not provide these emails – or any of the "various communications" – in its response to plaintiff's summary judgment motion, but the plaintiff provided them in its reply submissions. The October 31, 2008 email from Arul Doss of defendant to Giovani Rossi of plaintiff reads:

> I have sent you the three cheques yesterday by dhl - 8957993623 dated - 10/30.
> As promised, I didn't get any reply for the violetta. When can I move the material from Detroit to Chicago?

5

Awaiting your confirmation on this.

(*Plaintiff's Reply*, Ex. A(1)). The January 23, 2009 email, also from Mr. Doss to Sig. Rossi, reads:

In a tough market situation I am sending you 4 invoices [sic] payment.

Ups no - 12 97W 3V8 04 9739 0711

You have to remember this for better pricing.

1. Inv - 151 - $28047.53 check date - 3/30/09.
2. Inv - 148 - $12158.99 - ch dt - 4/8/09
3. Inv - 152 - $34283.82 - Ch dt - 4/1/09
4. Inv - 299 - $13127.63 - Ch dt - 4/22/09

(*Plaintiff's Reply*, Ex. A(2)).

The tab for the granite stands at $275,972.20. (*Pl.St.*, ¶12; Malhotra Dep., at 66). There is no dispute that the defendant did not make payments for the goods at issue. (*Pl.St.* ¶ 10; *Def.Rsp.* ¶ 10). But the defendant says it didn't pay because a substantial portion of the goods were not "1st Choice Quality," the industry standard for products that are free from material defects and imperfections. (*Defendant's Statement of Facts* ("*Def.St.*"), ¶¶ 1,3). Lesser grades are "Standard Grade" or "Commercial Grade" and, of course, they fetch a lesser price. (*Def.St.* ¶¶ 6). The defendant explains that the course of dealing between the parties called for 1st Choice Quality product from the plaintiff. (*Def.St.* ¶ 1). The defects in the goods included color variations, fissures, veins, cracks, and pits. (*Def.St.* ¶ 3). The plaintiff did not provide instructions as to the disposition of the non-conforming goods and took no steps to repossess them. (*Def.St.* ¶ 5). In order to mitigate damages, the defendant sold certain of the goods at a discount. (*Def.St.* ¶ 6). The plaintiff does not dispute that the parties' course of dealing called for 1st Choice Quality goods, that the goods at issue were not 1st Choice Quality, or that it gave defendant any instructions regarding the goods or

attempted to regain them. It only disputes that the defendant rejected the goods.

Since the plaintiff has not filed a Local Rule 56.1 response to the defendant's additional facts, they are deemed admitted. *See* L.R. 56.1 ("All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.").

## II.
## ANALYSIS

### A.
### Summary Judgment Standards

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the nonmoving party's evidence "'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1990). Credibility determinations must be left for the fact-finder. *Id.* at 552.

But this favor toward the nonmoving party does not extend to drawing "[i]nferences that are supported by only speculation or conjecture." *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008). The nonmoving party "must do more than raise some metaphysical doubt as to the material facts; [it] must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir.2006). Where the nonmoving party bears the burden of proof at trial, it must present specific facts showing a genuine issue to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Ortiz v. John O. Butler*

*Co.*, 94 F.3d 1121, 1124 (7th Cir.1996)("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."). A genuine issue of material fact exists, precluding summary judgment, "only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Sides v. City of Champaign,* 496 F.3d 820, 826 (7th Cir. 2007).

To be admissible in a summary judgment proceeding, the evidence submitted by a party in support of or in opposition to the summary judgment motion must be admissible at trial. *See* Rule 56(e); *Tindle v. Pulte Home Corp.,* 607 F.3d 494 (7th Cir.2010). Allegations in a complaint are not evidence. *Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492, 496 (7th Cir. 2006); *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, at 379-80 & 382-84 (1998). Documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e), and the affiant must be a person through whom the exhibits could be admitted into evidence. *Article II Gun Shop, Inc. v. Gonzales,* 441 F.3d 492, 496 (7th Cir. 2006); 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2722, at 379-80 & 382-84 (1998)). Finally, conclusory statements without supporting facts are insufficient to establish a factual dispute that will defeat summary judgment. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990); *Alexander v. CareSource,* 576 F.3d 551, 560 (6th Cir. 2009). The rule applies to experts as well as non-expert witnesses and parties. *Weigel v. Target Stores,* 122 F.3d 461, 468-469 (7th Cir.1997)("'The fact that a party opposing summary judgment has some admissible evidence does not preclude summary judgment. We and other courts have so held with specific reference to an expert's conclusional statements.' "); *Thomas v. Christ Hosp. and Medical Center,* 328 F.3d 890, 894 (7th Cir.2003); *Ner Tamid Congregation of North Town v. Krivoruchko,*

638 F.Supp.2d 913, 925 (N.D.Ill. 2009).

It is not that such statements are self-serving. *See Gilles v. Blanchard,* 477 F.3d 466 (7th Cir.2007). All testimony is self-serving, and summary judgment principles do not require that everything asserted by a party be corroborated. Indeed, as Learned Hand made clear, there is no principle of law precluding evidence on the ground that it is self-serving. *United States v. Matot,* 146 F.2d 197, 198 (2nd Cir. 1944)(L.Hand, J.). *See also Wilson v. McRae's, Inc.,* 413 F.3d 692, 694 (7th Cir.2005); *Dalton v. Battaglia,* 402 F.3d 729, 734-35 (7th Cir.2005); *Rogan v. Allied Tube & Conduit Corp.,* 2010 WL 1032422, 9 (N.D.Ill. 2010) *Maher v. City of Chicago,* 406 F.Supp.2d 1006, 1014-15 (N.D.Ill.2006) (collecting cases). The Seventh Circuit has repeatedly made clear that testimony by a party reporting what they saw or did or heard or said (assuming that the hearsay or some other evidentiary rule does not otherwise bar admissibility) need not be corroborated and is may be sufficient to raise an issue of material fact. *See e.g., Berry v. Chicago Transit Authority,* 2010 WL 3294720, 3 (7th Cir. 2010). In the instant case, however, the purported "evidence" in support of the defendant's contention that it rejected the goods consists of conclusions, without any supporting admissible evidence.

**B.
The Defendant Has Failed To Demonstrate That There Is A
Genuine Issue Of Fact Regarding Rejection Of The Goods**

The defendant wagers all on its rejection of the goods at issue as noncomforming. Under Section 2-602, such "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." 810 ILCS 5/2-602. Rejection being the defendant's affirmative defense to the plaintiff's breach of contract claim, it is defendant's burden to prove it. Obviously, it is not up to the plaintiff to prove a negative – in this case that that

9

defendant did not reject the goods. *See James River Ins. Co. v. Kemper Cas. Ins. Co.*, 585 F.3d 382, 385 (7th Cir. 2009). The defendant relies exclusively on Mr. Malhotra's declaration that the goods were rejected in "various communications, including emails dated October 31, 2008 and January 23, 2009." (Malhotra Decl. ¶6). Yet, the defendant did not submit as part of his presentation the two emails it claims evidenced the rejections. Consequently, the defendant's presentation is inadequate to create an issue of fact on the question of rejection. All there is is a conclusion – and in essence a legal one at that – that one or more communications constituted a "rejection" under the Uniform Commercial Code. Without the emails, or at least without a specific recitation of the terms of the claimed emails, there is only the conclusion of rejection unsupported by any evidence. And that, under the most basic summary judgment principles, is not enough. Moreover, Rule 1004 of the Federal Rules of Evidence only would allow a recitation of the contents of the emails in the event that neither the original nor a duplicate was obtainable. The defendant has made no such showing.

Since the rejection of nonconforming goods must be "clear and unambiguous," *Midwest Generation, LLC v. Carbon Processing and Reclamation, LLC.*, 445 F.Supp.2d 928, 933-34 (N.D.Ill. 2006); *HCI Chemicals (USA), Inc. v. Henkel KGaA*, 966 F.2d 1018, 1023 (5th Cir. 1992); *Ask Technologies, Inc. v. Cablescope, Inc.*, 2003 WL 22400201, *3 (S.D.N.Y. 2003); *In re Zeta Consumer Products Corp.*, 291 B.R. 336, 354 (Bankr. D.N.J. 2003), a conclusory statement that there has been a rejection cannot satisfy this exacting standard.

Even a mere complaint about the quality of the goods does not satisfy this standard. *See Midwest Generation*, 445 F.Supp.2d at 933; *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.*, 218 F.Supp.2d 974, 977 (N.D.Ill. 2002); *GE Packaged Power, Inc. v. Readiness Management Support, L.C.*, 510 F.Supp.2d 1124, 1130-1131 (N.D.Ga. 2007); *Sears, Roebuck &*

*Co. v. Galloway*, 195 A.D.2d 825, 826, 600 N.Y.S.2d 773 (N.Y.App.Div.1993). This is because the UCC makes allowances for accepting defective goods and demanding a cure. The two emails adverted to conclusorily by the defendant fall far short of an unambiguous rejection; in fact, they do not even amount to complaints. The October 2008 email simply informed the plaintiff that the defendant had sent three checks in payment for the goods, and inquired about moving a shipment from Detroit. The January 2009 is not better evidence of rejection. It listed four more checks that had been sent in payment, and suggested better pricing in view of difficult market conditions. Obviously, in terms of letting a supplier know that it shipment was defective and was rejected, neither communication suffices.

Beyond that, it is no answer to point to the "various communications" Mr. Malhotra mentioned without any elaboration in his declaration. Without anything more, this assertion is no better than an unsupported allegation. Indeed, it is even less informative. In any event, a party cannot rely on allegations or denials in its pleadings to defeat a motion for summary judgment. Yet that is effectively all that the defendant has done, notwithstanding the clear directive of Rule 56(e) that a response to a motion for summary judgment "must – by affidavit or as otherwise provided by this rule – set out specific facts showing a genuine issue for trial." The Supreme Court has explained that "[t]he object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan*, 497 U.S. at 888.

Once the plaintiff made a properly supported motion for summary judgment, it was up to the defendant to come forward with evidence supporting its "rejection theory." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 601 (7th Cir. 2009). Mr. Malhotra's declaration that the goods were rejected through "various communications" is plainly not admissible evidence and does not raise a disputed

11

issue of material fact. "Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment." *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 628 (7th Cir. 2006); *Scaife v. Cook County*, 446 F.3d 735, 740 (7th Cir. 2006); *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 756 (7th Cir. 2006).

Without admissible evidence, it also cannot be determined that an additional requirement under the Code for rejection was satisfied. The UCC requires that the notice of rejection be "seasonable." 810 ILCS 2/602(1). Hence, there had to be proof of when the communications constituting the rejection occurred. The defendant's response to the motion for summary judgment fails in this regard just as it did in failing to adduce admissible evidence that there was, in fact, a rejection. The cryptic reference to "various communications" has no more force than its third affirmative defense, which asserts that "Plaintiff's claims are barred, in whole or part, on the grounds that Defendant properly rejected the goods and/or revoked acceptance of the goods delivered by Plaintiff." (*Answer*, 3rd Aff. Defendant.).[3]

As defendant has submitted no evidence that it rejected the goods, it must be concluded that it accepted them. Under the UCC, "[a]cceptance of goods occurs when the buyer . . . fails to make an effective rejection . . . , but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them." 810 ILCS 2/606(1)(b). Moreover, the defendant's sale of the granite was "inconsistent with [plaintiff's] ownership," which constitutes acceptance as well. 810 ILCS 2/606(1)(c); *Midwest Builder Distributing, Inc. v. Lord and Essex, Inc.*, 383 Ill.App.3d 645, 669, 891

---

[3] The defendant does not suggest that it accepted the granite, only to revoke acceptance within a reasonable time after it discovered, or should have discovered, the non-conformity. *See* 810 ILCS 2/608(1).

12

N.E.2d 1, 25 (1st Dist. 2007); *Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc.*, 218 F.Supp.2d 974, 978 (N.D.Ill. 2002). The defendant characterizes its sale of the granite as a resale for the plaintiff's account, but that option only becomes available to a buyer if the buyer has rejected the goods. 810 ILCS 2/604. The defendant failed to establish a material issue of fact on the issue of rejection. Hence, the defendant is liable for the full contract price. 810 ILCS 2/607(1).

## CONCLUSION

The plaintiff's motion for entry of summary judgment on the breach of contract claim [Dkt. #30] is granted. In view of the granting of the motion, the unjust enrichment and *quantum meruit* claims are moot.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 10/7/10