# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **MARMI E. GRANITI D'ITALIA** | ) | |
| **SICILMARMI S.p.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 09 C 5529** |
| | ) | |
| **UNIVERSAL GRANITE AND MARBLE,** | ) | |
| | ) | **Magistrate Judge Cole** |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Summary judgment was entered against the defendant on November 10, 2010. *See Marmi E. Graniti D'Italia Sicilmarmi S.p.A. v. Universal Granite and Marble*, 2010 WL 3958424 (N.D Ill.2010). The defendant has moved for reconsideration and to vacate the order of judgment.[1]

Judge Posner has noted the well-documented tendency, once one has made up one's mind, to search harder for evidence that confirms rather than contradicts one's initial judgment. Richard Posner, How Judges Think, 111 (2008). While that confirmation bias may in some measure account for and contribute to the skepticism about the value of motions for reconsideration, sound institutional considerations ultimately provide the underlying reason for the rule that motions for reconsideration are viewed with disfavor. *See, e.g., Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed.2002). If a motion to reconsider could be used as a vehicle to

---

[1] The motion does not say whether it is pursuant to Fed.R.Civ.P. 59(e) or 60(b). As it was filed within the time limits of Rule 59(e), it will be considered as having been filed under that rule, but it really does not matter. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008).

raise new arguments, introduce evidence that could and should have been adduced earlier, or reargue that which was previously considered, litigation would be prolonged interminably. *Cf. Mungo v. Taylor,* 355 F.3d 969, 978 (7th Cir. 2004); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). As a result, the urgent interests of other litigants in prompt resolution of their cases would be seriously compromised. *Cf. United States v. Underwood,* 130 F.3d 1225, 1227 (7th Cir. 1997); *Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir. 1991).[2]

But judges are not omniscient; "all judges make mistakes." *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor,* 115 F.3d 1332, 1339 (7th Cir. 1997). *Accord Illinois v. Allen,* 397 U.S. 337, 346-347 (1970). "[I]n any given opinion, [a court] can misapprehend the facts ... or even overlook important facts or controlling law." *Olympia Equipment v. Western Union,* 802 F.2d 217, 219 (7th Cir. 1986). And so a court must have the power to redress "'[a] grievous wrong [resulting from] some misapprehension or inadvertence by the judge....'" *Bank of Waunakee v. Rochester Cheese Sales,*

---

[2] In 1926, Justice Cardozo lamented that "the fecundity of our case law would make Malthus stand aghast." The Growth Of The Law, 4. Then, there were 300 volumes in the first series of the Federal Reporter and 12 in the Second; both contained the decisions of the district courts and the Circuit Courts of Appeals. In 1926, volume 12 of the Federal Reporter 2d. was under 1,000 pages even with its combined contents. Today, the Federal Reporter is in its Third series and spans thousands of volumes. The Federal Supplement, which did not even begin until 1932, spans almost an equal number (in two series). We are in the third series of the Federal Reporter and the second series of the Federal supplement. These statistics are dwarfed by the staggering volume of unreported decisions from district, magistrate and bankruptcy judges. These statistics are hardly surprising given the fact that there are now more than 1.2 million lawyers in the United States, and law schools are graduating 44,000 lawyers annually. http://www.colby.edu/govt/gcm/gov111/GO111-Courts.pdf; http://www.soc.ucsb.edu/faculty/sutton/Design/Assets/Soc1¨730¨Law0¨as0¨ap¨rofession.pdf; http://www.michbar.org/journal/article.cfm?articleID=99 & volumeID=9. Little wonder that motions for reconsideration are not kindly received.

*Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).[3]  But that power is to be exercised only in the rarest of circumstances and where there is a compelling reason: for example, a change in, or clarification of, law that makes clear that the earlier ruling was erroneous, *Solis v. Consulting Fiduciaries, Inc.,* 557 F.3d 772, 780 (7th Cir. 2009); *Santamarina v. Sears, Roebuck & Co.,* 466 F.3d 570, 571-72 (7th Cir. 2006), or where the court has misunderstood a party's position or made a significant mistake.  *Otto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

As explained in the Memorandum Opinion and Order, (2010 WL 3958424; Dkt. # 38), the plaintiff sold granite to the defendant, who refused to pay since the goods were nonconforming.  The plaintiff sued for breach of contract.  There was no dispute in the summary judgment papers that the goods were nonconforming  – at least the plaintiff did not respond to the defendant's allegation of nonconformity (Dkt. 34 at 3) – and the Memorandum Opinion and Order proceeded on that basis.

The defendant's theory in the summary judgment briefing was that since the goods were nonconforming, the plaintiff had not fully performed its contract and, under Illinois common law and under the Code, one of the elements in a breach of contract case is that the plaintiff has substantially performed – which meant supplying conforming goods.  Since the goods were nonconforming, the plaintiff had to lose.  For the defendant, that was the beginning and end of analysis.  But it plainly was not.  The question was whether the defendant had rejected the nonconforming goods, as the UCC required.  *See* 810 ILCS 5/2-606(1)(b).  If it had not, the fact that the goods were nonconforming was not an impediment to the plaintiff's breach of contract action for the "price"

---

[3] The quote is from *Belmont v. Erie Ry.*, 52 Barb. 637, 641 (N.Y.App.Div.1869), which the Seventh Circuit attributed to "Justice Cardozo." 906 F.2d at 1191. This was not Benjamin Nathan Cardozo, but his father, Albert, who, in 1874, resigned in disgrace from the New York Supreme Court in the midst of an investigation into allegations of judicial misconduct. See Andrew Kaufman, Cardozo, 13-20 (Harv. Univ. Press 1998); Arthur Goodhart, Five Jewish Lawyers of the Common Law, 51-52 (Oxford Univ. Press 1949).

under 810 ILCS 5/2-709 of the Uniform Commercial Code. That section allows an aggrieved seller to recover the contract price "of goods accepted *or* of conforming goods lost or damaged within a commercially reasonable time after risk of their loss has passed to the buyer." (Emphasis supplied). Thus, under the plain language of the Code, even a seller of nonconforming goods can recover the contract price.[4]

The motion to reconsider ignores the relevant sections of the Uniform Commercial Code that govern cases like this, and relies instead on Illinois common law breach of contract cases. The brief in opposition to the motion for summary judgment relied on *International Ass'n of Bridge, Structural and Ornamental Iron Workers Union No. 63 v. Glaziers,* 40 F.Supp.2d 997 (N.D.Ill. 1999), while the motion to reconsider cites *Fryison v. McGee*, 106 Ill.App.3d 537, 436 N.E.2d 12 (1st Dist. 1982) – a real estate case –and *Spancrete of Illinois, Inc. v. Brickman*, 69 Ill.App.3d 571, 388 N.E.2d 47 (1st Dist. 1979) – a construction case. None of these cases, however, resolve cases under the Uniform Commercial Code.

All three cases merely announced the "'general principle'" that a plaintiff, to prevail in a breach of contract case, must show that it substantially performed its obligations under the contract. *Spancrete of Illinois, Inc.*, 69 Ill.App.3d at 576. The difficulty is that "general propositions do not decide concrete cases." *Lochner v. New York*, 198 U.S. 45, 76 (1905)(Holmes, J., dissenting). *Accord Wisehart v. Davis*, 408 F.3d 321, 326 (7th Cir. 2005). The instant case is not a common laws breach of contract case but a case governed by the Uniform Commercial Code, with its own set of

---

[4] While the defendant claimed it had informed the plaintiff of the nonconforming nature of the goods, there was no admissible *evidence* that the defendant did so. For the reasons explained in the Opinion, the conclusory statement of the defendant was plainly not enough. *See Universal Granite,* 2010 WL 3958424 at *4-5. The motion to reconsider does not take issue with this aspect of the Opinion.

operative principles. There is nothing in the motion to reconsider that supports the conclusion that the issue of "rejection" should not have been reached "unless and until [plaintiff] first demonstrate[d] that it satisfied its obligations under the contract." Motion for Reconsideration at 2.

*Micro Data Base Systems, Inc. v. Dharma Systems, Inc.*, 148 F.3d 649 (7th Cir. 1998) demonstrates the manifest error of the defendant's contention:

> Under the UCC, goods are deemed accepted if the buyer (or, we think it clear though we cannot find any case, its delegate) fails, after having had a reasonable amount of time in which to inspect them, to communicate its rejection to the seller. This is a commonsensical rule. The seller is entitled to know where he stands, so that he can cure any defects in the goods. In addition, the rule saves on paperwork by allowing silence to count as acceptance. And it also discourages buyers who after receiving the goods decide they don't want them after all from trying to get out of their contract by making phony claims of nonconforming tender, perhaps when it is too late to verify the claims.

148 F.3d at 655 (parenthesis in original).

The defendant in the instant case offered no evidence that it did not have adequate time to inspect the goods. (2010 WL 3958424 at *4-6; Dkt. #38, at 4-5). It admitted, in fact, that it inspected the goods for damage and had ample opportunity to examine each slab. (*Id.*). And, as was also discussed in the Memorandum Opinion and Order, the defendant was unable to produce any admissible evidence that it seasonably and effectively rejected the granite as nonconforming. *Id*. While the defendant claimed that it rejected the granite in "various communications, including [certain] emails," they were not submitted as evidence by the defendant. They were, however, produced by the plaintiff in its reply brief in support of its motion for summary judgment. Not surprisingly, the emails did not so much as hint that the granite was nonconforming or that the defendant was rejecting it. 2010 WL 3958424. at *5-6. Thus, not only was there no admissible evidence of the "clear and unambiguous" rejection the Uniform Commercial Code requires, *id*. at

*6 (collecting cases), but the available evidence demonstrated that the defendant had not rejected the allegedly nonconforming goods, notwithstanding its claims to the contrary. The emails dealt with moving materials from one location to another and a request for better pricing given the downturn in the economy. (2010 WL 3958424. at *5-6; Dkt. # 38, at 5-6). On the crucial question of whether the goods were nonconforming, the emails were silent. While inferences from silence are sometimes perilous, *United States v. Hale*, 422 U.S. 171, 176 (1975); *Coleman v. Interco, Inc. Division Plans*, 933 F.2d 550, 552 (7th Cir. 1991), in the context of this and cases like it, silence regarding claimed nonconformity operates as an acceptance. *Micro Data Base Systems*, 148 F.3d at 655. In the instant case, the defendant's silence was "loud and clear."

Under the Code, where a buyer receives nonconforming goods, it may not remain mute until litigation ensues and then come up with a reason as to why it failed to pay or justify its nonpayment by claiming the plaintiff's failure to have provided conforming goods precludes recovery. As *Micro Data Base Systems* and numerous other cases have held, *see e.g.*, *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1452 (7th Cir. 1996), a buyer is deemed to have accepted goods when, after an opportunity to inspect, it fails to make an effective rejection. *See also Bank v. Truck Insurance. Exchange*, 51 F.3d 736, 740 (7th Cir. 1995)(the UCC requires a buyer to notify a seller of nonconforming goods of the breach within a reasonable time). And once there has been a failure to reject and a consequent acceptance, the buyer is liable for the price.

## CONCLUSION

To succeed on a motion to reconsider, a party must "'demonstrate a manifest error of law or present newly discovered evidence.'" *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010). Universal Granite and Marble has done neither. The error on which the motion to

reconsider relies is the supposed neglect to have considered the contention that the delivery of nonconforming goods precluded entry of summary judgment since the plaintiff had not, therefore, substantially performed under the contract. The Memorandum Opinion and Order did not overlook the argument; it rejected it and explained why. The motion to reconsider has provided no reason to alter that rejection. Indeed, the motion to reconsider is nothing more than a reprise of the identical argument made in the defendant's opposition to the motion for summary judgment. (Dkt. 33 at 3). The only difference between the motion to reconsider and the summary judgment briefing is that two additional, irrelevant common law contract cases have been cited.

If the defendant is right, cases like *Micro Data Base Systems, Inc.* were wrongly decided, and a plaintiff selling nonconforming goods could not win on summary judgment or at trial, even if the defendant had accepted the goods by failing to reject them. But that would effectively make §§810 ILCS 5/2-606(1)(b) and 709(a) dead letters. If it be true that "'[t]he soundness of a conclusion may not infrequently be tested by its consequences,'" Posner, Cardozo: A Study in Reputation, 118 (1990); *Florida Power & Light Co. v. United States Nuclear Regulatory Commission*, 470 U.S. 729, 741 (1985), the argument advanced in the motion to reconsider must be rejected. The Motion for Reconsideration [# 49] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 11/24/10